IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Tina Lindsey, | ) | Case No 7:23-cv-00581-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Spartanburg County Sheriff's Department, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon removal of this action from the Spartanburg County Court of Common Pleas. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 1, 2023, the Magistrate Judge issued a Report recommending that any federal causes of action be dismissed and the state law claims be remanded. ECF No. 13. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report. On March 22, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint; Defendant filed a response in opposition and Plaintiff filed a reply. ECF Nos. 18, 20, 21.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough discussion of the relevant background information and applicable law, including the Court's authority to review this action at this stage, which the Court incorporates by reference.  The Magistrate Judge determined Plaintiff did not name a party amenable to suit pursuant to 42 U.S.C. § 1983; claims for defamation, slander, and libel are not cognizable § 1983 claims; and Plaintiff's claims are untimely under § 1983.  ECF No. 13.

In her objections, Plaintiff contends that the statute of limitations should run from 2021, when she actually discovered the alleged defamation.  ECF No. 17.  She further states that she cannot name someone subject to suit pursuant to § 1983 because she does not want to incorrectly accuse someone.  While the Court appreciates her efforts, the fact remains that Plaintiff has not named a proper defendant pursuant to § 1983.  Moreover, even setting aside the statute of limitations issue, any federal claim must be

dismissed because she has not named a proper party and because claims for defamation, slander, and libel are not cognizable under § 1983.[1]  Accordingly, this Court lacks subject matter jurisdiction over this action.[2]

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court agrees with the recommendation of the Magistrate Judge.  Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** without leave to amend.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  This matter is **REMANDED** to the Spartanburg County Court of Common Pleas.  The Motion to Leave to File an Amended Complaint [18] is **MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 16, 2023
Spartanburg, South Carolina

---

[1] While it appears that Plaintiff has not specifically objected to the portion of the Report finding that defamation is not cognizable, the undersigned has conducted a de novo review of the record, the applicable law, and the entire Report out of an abundance of caution for a pro se Plaintiff.

[2] The Court finds that Plaintiff's Motion for Leave to File an Amended Complaint is moot.  See Southpointe Villas Homeowners Ass'n, Inc. v. Scot. Ins. Agency, Inc., 213 F. Supp. 2d 586, 589 (D.S.C. 2002) ("Removal jurisdiction is determined on the basis of the state court complaint at the time of removal, and the removing party bears the burden of establishing the existence of federal jurisdiction.").  Moreover, even if the Court were to consider the proposed amended complaint, the Motion to Amend should be denied as futile.  See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (holding that leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile).